# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JERRY MERCADO,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S.A.<br>    Defendant. | No. 3:17cv488 (MPS) |

## RULING ON HABEAS CORPUS PETITION

Jerry Mercado, a federal prisoner, petitions this Court under 28 U.S.C. § 2255 to vacate his sentence, which was imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Mercado faced a statutory maximum of twenty years imprisonment. 21 U.S.C. § 841(b)(1)(C). The parties stipulated in Mercado's plea agreement "that his criminal history when applied to the offense to which he is pleading guilty qualifies him as a Career Offender under § 4B1.1 of the sentencing Guidelines." (ECF No. 5-3, Exhibit C ("Plea Agreement") at 3). This stipulation was based on Mercado's two prior convictions for felony controlled substance offenses under Conn. Gen. Stat. § 21a-277(a). The parties also stipulated to a Guidelines range of 151 to 188 months imprisonment. (*Id.*). At Mercado's sentencing on August 25, 2014, I independently reached the same conclusion with respect to the applicability of the Career Offender enhancement and the appropriate Guidelines range. (ECF No. 5-4, Exhibit D ("Sentencing Transcript") at 7). I exercised my discretion to impose a sentence outside of the Guidelines range and sentenced

1

Mercado to 120 months imprisonment. (*Id.* at 9). Mercado now contends that in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior convictions under Conn. Gen. Stat. § 21a-277 do not constitute controlled substance offenses under § 4B1.1. As such, he argues that he should be resentenced. For the reasons set forth below, I deny Mercado's petition.

**I.      Background**

On February 4, 2014, Mercado pleaded guilty to one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. He faced a maximum sentence of twenty years imprisonment. 21 U.S.C. § 841(b)(1)(C). In his plea agreement, Mercado stipulated that his criminal history qualified him as a Career Offender under § 4B1.1 of the Sentencing Guidelines. (Plea Agreement at 3). Although the plea agreement does not specify the underlying convictions supporting this qualification, the pre-sentence investigation report ("PSR") notes that Mercado was twice convicted of possession of narcotics with intent to sell in violation of Conn Gen. Stat. § 21a-277(a), and that each of these convictions constituted a predicate offense for the Career Offender Guideline. (*See* ECF No. 762[1] ("PSR") at 12-13). The PSR notes the following relating to the first such conviction, which took place on February 14, 2005:

> According to court records, the sentence was imposed concurrent to CR04-581782, CR04-579657, CR02-556051 and CR04-580279. The Court transcript indicates that Mr. Mercado pled guilty to a Substitute Information charging him with Possession of Narcotics with Intent to Sell, Section 21a-277(a). The transcript indicates that the incident occurred in the area of 18 Hamilton Street. A surveillance unit observed Mr. Mercado dealing narcotics. When police moved in for the arrest, they recovered 89 bags of heroin. The bags were stamped with the letters "OK." At the time of his arrest,

---

[1] The ECF notation for the USCA ruling is located under the docket number of Mercado's original criminal case: 3:13-cr-00080-MPS. I hereafter refer to ECF notations under Mercado's criminal docket with the notation "Criminal Docket."

officers found the ink stamp and packaging materials in his possession. The lab report confirms that it was heroin. This conviction is a predicate offense for Career Offender.

(*Id.* at 12). The PSR notes the following concerning the second conviction, which took place at the same proceeding as the first:

The court transcript indicates that Mr. Mercado pled guilty to Sale of Narcotics, Section 21a-277(a). The incident occurred in the area of 586 Zion Street. Police set up surveillance and observed Mr. Mercado flag down a vehicle and exchange a white packet for currency with the operator of the vehicle. A search incident to arrest, revealed 39 bags of white sealed plastic bearing the OK stamp. A field test returned positive for the presence of heroin. The lab report also confirms that it was heroin. This conviction is a predicate offense for Career Offender.

(*Id.* at 13).

Section 4B1.1(a) of the United States Sentencing Guidelines[2] – the Career Offender provision – states, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "controlled substance offense means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2 (internal quotation marks omitted).[3] Finally, "two prior felony convictions means (1) the

---

[2] No relevant portion of this section has been altered in the period between November 1, 2013– the version of the Guidelines in effect during Mercado's 2014 sentencing – and the current version of the Guidelines.

[3] As with Section 4B1.1(a), no relevant portion of Section 4B1.2 has been altered since Mercado's sentencing.

3

defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . ., and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. 4B1.2(c).[4] Mercado did not object to the conclusion in the PSR that he was subject to the Career Offender provision due to his two prior convictions under Conn. Gen. Stat. § 21a-277(a). (ECF No. 5-4 at 4, 6; PSR at 24).

I held a sentencing hearing in Mercado's case on February 4, 2014. During the hearing, Mercado did not object to his Career Offender eligibility. I noted the following with respect to the Career Offender provision's applicability: "Because this offense is a felony and a controlled substance offense, and because Mr. Mercado was at least 18 years old when it was committed, also because Mr. Mercado has two prior felony convictions that are controlled substance offenses, Mr. Mercado qualifies as what the Guidelines call a career offender." (Sentencing Transcript at 7). My calculation of Mercado's Guidelines range matched that of the parties and the PSR: 151 to 188 months of imprisonment. (*Id.* at 8). I exercised my discretion to impose a sentence outside the Guidelines range, however, and sentenced Mercado to 120 months imprisonment. (*Id.*).

Mercado subsequently appealed his sentence, arguing that his sentence was substantively unreasonable. (Trial Docket, ECF No. 1196, Mandate of United States Court of Appeals for the Second Circuit (USCA Ruling) at 2). In his appeal, Mercado did not argue that the Court had improperly counted his prior state convictions as predicates for the Career Offender provision. *See* Court of Appeals Docket #: 14-3334, ECF No. 78, Brief of the Defendant-Appellant Jerry

---

[4] Section 4A1.1(a), (b), and (c) provide point totals for each prior sentence of imprisonment.

Mercado at 23-24. Instead, he argued that his circumstances merited a downward departure under the terms of the provision. *See id.* (citing U.S.S.G. § 4A1.3(b)(1) ("[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that [he] will commit other crimes, a downward departure may be warranted"); U.S.S.G. § 4A1.3(b)(3)(A) ("[t]he extent of a downward departure under this subsection for a career offender . . . may not exceed one criminal history category")). The Second Circuit rejected his substantive unreasonableness argument and affirmed Mercado's conviction on November 22, 2016. (*See* USCA Ruling). On March 24, 2017, Mercado filed this Section 2255 petition in this Court. (ECF No. 1).

## II. Discussion

Mercado's sole argument in his Section 2255 petition is that his prior convictions under Conn. Gen. Stat. § 21a-277 no longer constitute predicate convictions for the Career Offender provision in light of the Supreme Court's decision in *Mathis*. His claim is precluded, however, by his stipulation to the application of the Career Offender provision in his plea agreement, along with his failure to raise his claim in his direct appeal. In addition, Mercado cannot demonstrate cause for this failure.

### a. Stipulation in the Plea Agreement

The Second Circuit has held that "a stipulation in a plea agreement, although not binding, may be relied upon in finding facts relevant to sentencing." *United States v. Granik*, 386 F.3d 404, 412 & n. 6 (2d Cir. 2004) (citing *United States v. Martinez*, 122 F.3d 421, 422-23 (7th Cir. 1997) (holding that defendant could not opt out of portion of plea agreement in which he stipulated that he was an Armed Career Criminal); *United States v. Barrett*, 173 F.3d 682, 684 (8th Cir. 1999) ("A defendant may not challenge an application of the Guidelines to which he

5

agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it).")). For "[i]f defendants are not held to their factual stipulations[,] . . . the government has no reason to make concessions in exchange for them." *Granik*, 386 F.3d at 412-13. A "factual stipulation in a plea agreement is a valid basis for a factual finding relevant to sentencing only when the record clearly demonstrates that the stipulation was knowing (in the sense that the record clearly demonstrates that the defendant fully understood the potential consequences of his [stipulation]) and voluntary." *Id.* at 413. This threshold is met "where: (i) the plea agreement makes a stipulation clearly and explicitly and (ii) the defendant signs the agreement and allocutes to understanding the consequent loss of the right to put the government to its proof." *Id.* at 413.

Here, Mercado's plea agreement made crystal clear that he was stipulating to being a Career Offender under the Guidelines due to his prior state convictions. The plea agreement noted that Mercado "stipulates that the defendant's criminal history when applied to the offense to which he is pleading guilty qualifies him as a Career Offender under § 4B1.1 of the Sentencing Guidelines." (Plea Agreement at 3). Further, Mercado acknowledged that he understood the consequent loss of the right to make the government prove that he was a career offender before signing the plea agreement. The prosecutor described the plea agreement in-depth at the plea colloquy, including its stipulation concerning the applicability of the Career Offender provision to Mercado. (Criminal Docket, ECF No. 1095 (Plea Colloquy) at 15 ("The parties have agreed that based upon the Defendant's prior criminal history he qualifies for a designation known as Career Offender under Section 4B1.1 of the sentencing guidelines.")). After the prosecutor went through the plea agreement, I asked Mercado the following question: "Does what [the prosecutor] said accurately reflect your understanding of the agreement that you

6

have entered into with the United States Government." (*Id.* at 18). Mercado responded affirmatively and ultimately signed the plea agreement. (*Id.* at 18, 29); (*see also id.* at 13). I also confirmed that he was acting voluntarily. (*Id.* at 13, 18).

Since the defendant knowingly and voluntarily stipulated in his plea agreement that he was subject to the Career Offender provision, he cannot disavow it now.[5] *See United States v. Simmon*, 153 F. Supp. 3d 617, 624 (S.D.N.Y. 2015) ("Having stipulated in his plea agreement that his 2005 second degree robbery conviction is a 'crime of violence,' Defendant cannot argue to the contrary now."); *Martinez*, 122 F.3d at 423 ("It is inappropriate to take a blue pencil to the agreement, removing the provisions that in retrospect the defendant wishes were not there." (internal quotation marks omitted)); *Mims v. United States*, No. 08-CV-1400 (JCH), 2009 WL 1992943, at *5 (D. Conn. July 9, 2009) ("Thus, because the Stipulation [detailing the defendant's status as an armed career criminal] was explicit in the Plea Agreement, and because [the defendant] signed the Agreement and allocuted to entering into it knowingly and voluntarily, [the defendant] is bound by the Stipulation and has waived his right to challenge it.").

**b. Waiver**

Even if Mercado's petition were not barred by his plea agreement, it would still prove unavailing given his failure to raise the claim he makes in his petition in his direct appeal. A "collateral attack on a final judgment in a criminal case is generally available under § 2255 only

---

[5] It is worth noting that Mercado received a significant concession from the Government in apparent exchange for his plea. The plea agreement noted the parties' acknowledgement "that in light of the defendant's prior conviction for a felony drug offense, the defendant may be eligible for a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(B) and 851, which would expose him to a minimum mandatory sentence of ten (10) years' imprisonment, a maximum term of imprisonment of life," along with other penalties. (Plea Agreement at 3). The government agreed to forgo filing the necessary information required by § 851, according to the plea agreement, in light of the defendant's acceptance of the plea agreement. (*Id.*).

7

for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal quotation marks omitted). The *Graziano* court held that "[i]nsofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional," such claims are procedurally barred "absent a complete miscarriage of justice" in instances "where the defendant failed to raise them on direct appeal." *Id.*

To demonstrate a complete miscarriage of justice based upon a sentencing court's miscalculation of the Guidelines, a petitioner must show an "error of fact or law of [a] fundamental character that renders the entire proceeding[] irregular and invalid." *Reed v. United States*, No. 3:16-CV-01356 (SRU), 2017 WL 5573151, at *7 (D. Conn. Nov. 20, 2017) (quoting *United States v. Addonizio*, 442 U.S. 178, 186 (1979)). Misapplication of the Sentencing Guidelines "generally do[es] not amount to a complete miscarriage of justice," however, given the advisory nature of the guidelines. *Id.* at 6. One of the few examples of a fundamental miscarriage of justice arising out of a miscalculation of the guidelines occurs where a petitioner's sentence "exceeded the statutory maximum sentence Congress ha[d] enacted." *Id.* at *7 n. 4 (quoting *Spencer v. United States*, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc) and citing *United States v. Foote*, 784 F.3d 931, 943 (4th Cir. 2015) (When the "[defendant]'s sentence did not exceed the statutory maximum, his erroneous [Guidelines] classification did not rise to the level of a 'fundamental' defect.")). That is not the case here: Mercado's sentence was thirty-one months below the Court's calculated guidelines range and 120 months below the statutory maximum for his offense. Thus, given that he failed to raise his current argument in his direct appeal, Mercado is barred from raising it in this petition. *See Sadio v. United States*, No.

3:14CV1217(AWT), 2017 WL 3821793, at *5 (D. Conn. Aug. 31, 2017) (rejecting petitioner's challenge to sentencing judge's calculation of his Guidelines range due to petitioner's failure to raise argument on direct appeal).

Even if Mercado's claim were available under Section 2255, he has also procedurally defaulted on his claim. Since Mercado did not raise the argument in his petition in his direct appeal, he would be "precluded from making [even a constitutional] claim under section 2255 unless he can show both cause for defaulting on the claim and that prejudice resulted from the alleged violation." *Holman v. United States*, No. 3:12-CV-986 JCH, 2013 WL 593778, at *6 (D. Conn. Feb. 15, 2013); *see also Douglas v. United States*, 13 F.3d 43, 46 (2d Cir. 1993) ("In other words, the failure to raise a particular ground on direct appeal will bar consideration of that claim in a § 2255 motion unless the movant can show that there was cause for failing to raise the issue, and prejudice resulting therefrom."). "To satisfy the cause requirement, the petitioner must show circumstances external to the petitioner, something that cannot be fairly attributed to him." *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) (internal quotation marks omitted). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991). A defendant may demonstrate "prejudice" by showing "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Because Mercado cannot meet the cause requirement here, and because his claim fails for the reasons already discussed, I address only the cause issue here.

Williams argues that the Supreme Court's ruling in *Mathis* set out a new distinction between the facts and elements of an offense that, if applied to him, would prevent his prior drug convictions from serving as predicate offenses for career offender status. (ECF No. 1 at 3). The *Mathis* Court went out of its way, however, to note that it was not breaking new ground in setting out its analysis. *Mathis*, 136 S. Ct. at 2252 (noting the Court's prior iteration of the distinction between the facts and elements of an offense and providing several examples of the Court iterating the same analysis in past cases). Further, the Second Circuit subsequently noted that *Mathis* "did not reflect a new rule." *Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017). Hence, there is little merit to Mercado's contention that *Mathis* set out a newly recognized right. (*See* ECF No. 1 at 2). In any event, the Supreme Court decided *Mathis* on June 23, 2016. *Mathis*, 136 S. Ct. at 2243. As noted above, the Second Circuit issued its affirmance of Mercado's sentence on November 22, 2016. Thus, Mercado had ample time to apprise the Second Circuit of the importance of *Mathis* to his case via a Rule 28(j) letter. *See* Fed. R. App. P. 28(j) ("If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations."). As such, he has not demonstrated adequate cause for his failure to raise the argument that the Court improperly counted his prior state offenses as predicates for the Career Offender provision in his direct appeal. *See Tineo v. United States*, 977 F. Supp. 245, 253 (S.D.N.Y. 1996) ("Ignorance of the law or inadvertence does not constitute 'cause.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)).

Thus, Mercado's petition is procedurally barred thrice over. I therefore deny his Section 2255 petition.

### III. Conclusion

For the reasons discussed above, Mercado's Section 2255 petition (ECF No. 1) is DENIED.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

March 29, 2018